**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**RUSSELL EMRICK, SR.,**

      **Petitioner,**

  **v.**                      **CASE NO. 2:05-cv-1057**

                                **JUDGE HOLSCHUH**

**JEFFREY A. WOLFE, Warden,**      **MAGISTRATE JUDGE KING**

      **Respondent.**

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254.  This matter is before the Court on the instant petition, respondent's return of writ,  petitioner's submission of the transcript of his guilty plea and sentencing hearing, petitioner's traverse, and the exhibits of the parties.   For the reasons that follow, the Magistrate Judge **RECOMMENDS** that the petition for a writ of habeas corpus be conditionally **GRANTED** on petitioner's claim that his sentence violated *Blakely,* that petitioner's sentence be **VACATED** and that he be released from incarceration unless the State of Ohio re-sentences him within ninety (90) days.   The Magistrate further **RECOMMENDS** that the remainder of petitioner's claims be **DISMISSED**.

### I.  PROCEDURAL HISTORY

Petitioner was indicted by the July 2004 term of the Muskingum County grand jury on illegal manufacturing of methamphetamine, in violation of O.R.C. 2925.04(A), possession of chemicals used to manufacture methamphetamine, in violation of O.R.C. 2925.041(A), and aggravated possession of methamphetamine in violation of O.R.C. 2925.11(A).  Exhibit A to Return of Writ.

While represented by counsel, petitioner pleaded guilty to the charges on September 27, 2004.

Exhibit B to Return of Writ.  On November 8, 2004, he was sentenced to an aggregate term of five

years incarceration.  Exhibit C to Return of Writ.  Petitioner never filed a timely appeal; however,

on February 28, 2005, he filed a *pro se* motion for delayed appeal pursuant to Ohio Appellate Rule

5(A).  As cause for his untimely filing, petitioner asserted that he was never advised of his right to

appeal.  Exhibits D and E to Return of Writ.  On April 20, 2005, the state appellate court denied

petitioner's motion for delayed appeal.  Exhibit F to Return of Writ.  Petitioner filed a motion for

reconsideration, which motion was denied on May 12, 2005.  Exhibits G and H to Return of Writ.

Petitioner filed a timely appeal of the appellate court's decision to the Ohio Supreme Court.  He

asserted the following propositions of law:

> 1.  The trial court improperly sentenced defendant-appellant,
> violating the Sixth and Fourteenth Amendments of the U.S.
> Constitution.
>
> 2.  Defendant-appellant's trial counsel failed to provide adequate
> performance prior to and during sentencing phase violating the Sixth
> and Fourteenth Amendment rights of the defendant-appellant.

Exhibit I to Return of Writ.  On September 7, 2005, the Ohio Supreme Court denied leave to appeal

and dismissed the appeal as not involving any substantial constitutional question.  Exhibit J to

Return of Writ.

On January 28, 2005, petitioner filed a request to modify or reduce his sentence with the state

trial court.  He asserted the following claims:

> 1.  Trial court erred by sentencing defendant above required
> minimum sentence without enhancing circumstances being found by
> a jury or waiver for jury finding by defendant.
>
> 2.  Ineffective assistance of counsel.

2

> Emrick's trial attorney failed to provide adequate performance prior
> to and during sentencing phase.

Exhibit K to Return of Writ.  On March 7, 2005, the trial court denied petitioner's request.  Exhibit

L to Return of Writ.  Petitioner filed a timely appeal of the trial court's decision.  He asserted the

following assignments of error:

> 1.  The trial court denied appellant redress by addressing appellant's
> petition for post conviction relief inadequately, violating the First and
> Fourteenth Amendments of the United States Constitution.
>
> 2.  The trial court erred in sentencing appellant above the required
> minimum term without enhancing elements being found by a jury or
> waiver of jury findings by appellant, a violation of the Sixth and
> Fourteenth Amendments of the United States Constitution.
>
> 3.  Trial counsel failed to provide effective assistance prior to and
> during sentencing, violating the Sixth and Fourteenth Amendments
> of the United States Constitution.

Exhibits M and N to Return of Writ.  On February 15, 2006, the state appellate court, which

construed the matter as a petition for post conviction relief, denied petitioner's appeal.  *State v.

Emrick*, 2006 WL 438672 (Ohio App. 5 Dist. February 15, 2006).  It does not appear that petitioner

ever filed an appeal from that decision.

On November 23, 2005, petitioner filed the instant *pro se* petition for a writ of habeas corpus

pursuant to 28 U.S.C. §2254.  He alleges that he is in the custody of the respondent in violation of

the Constitution of the United States based upon the following grounds:

> 1. Conviction obtained by use of coerced confession and by violation
> of privilege against self incrimination.
>
> My confession was coerced [by] the fact that my then pregnant
> fiancé[e] was being charged with the crime, I was in jail at the time
> the meth lab was discovered, the detectives said I confessed to such
> crime, which I did not, and the two people who were running the lab
> were at the crime scene with possible fingerprints, etc., there.

2.  Conviction obtained by failure of the prosecutor to disclose evidence favorable to the defendant.

3.  Denial of effective assistance of counsel and denial of my right to appeal.

4.  Conviction/sentence in violation of Double Jeopardy, multi-punishment.

The respondent took the position in the Return of Writ that this action must be dismissed as unexhausted. Alternatively, respondent contended that petitioner's claims are procedurally defaulted or without merit. Because it appears that exhaustion is no longer an issue in this case, the Court will not further address it.[1]

## CLAIM ONE

In claim one, petitioner asserts that his confession was coerced. Federal habeas corpus review of claims raised by a petitioner who has entered a guilty plea is limited to "the nature of the advice and the voluntariness of the plea, not the existence as such of an antecedent constitutional infirmity." *Tollett v. Henderson*, 411 U.S. 258, 266 (1973). The Court in *Tollett* explained:

> A guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims related to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

---

[1]  Respondent argued that this action should be dismissed as unexhausted because petitioner's appeal of his motion to modify sentence was, at the time the return of writ was filed, still pending in the state appellate court. However, on February 15, 2006, the state appellate court dismissed that appeal. *State v. Emrick*, 2006 WL 438672 (Ohio App. 5 Dist. February 15, 2006). Further, the time period to file an appeal of the appellate court's decision to the Ohio Supreme Court has now expired, and Ohio does not permit delayed appeals in post conviction proceedings. Ohio Supreme Court Rule of Practice II, Section 2(A)(4)(b).

*Id.*, at 267. "[A] guilty plea is an admission of all the elements of a formal criminal charge." *McCarthy v. United States*, 394 U.S. 459, 466 (1969). A guilty plea bars a defendant from raising in federal habeas corpus such claims as the defendant's right to trial and the right to test the state's case against him or the evidence that would have been used against him had the case proceeded to trial. *McMann v. Richardson*, 397 U.S. 759 (1970); *McCarthy,* 394 U.S. at 466.

Claim one has been waived by virtue of petitioner's guilty plea. *Allen v. United States,* unpublished, 211 F.3d 1268, 2000 WL 571954 (6th Cir. May 2, 2000), citing *McMann v. Richardson,* 397 U.S. 759, 768-70, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); *United States v. Bahhur,* 200 F.3d 917, 923 (6th Cir.2000); *United States v. Skinner,* 25 F.3d 1314, 1316 (6th Cir .1994); *see also Parker v. North Carolina*, 397 U.S. 790, 795-96 (1970).

## CLAIM TWO

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state criminal defendant with federal constitutional claims is required fairly to present those claims to the highest court of the state for consideration. 28 U.S.C. §2254(b), (c). If he fails to do so, but still has an avenue open to him by which he may present the claims, his petition is subject to dismissal for failure to exhaust state remedies. *Id.; Anderson v. Harless*, 459 U.S. 4, 6 (1982) *(per curiam)*; *Picard v. Connor*, 404 U.S. 270, 275-76 (1971). If, because of a procedural default, the petitioner can no longer present his claims to a state court, he has also waived them for purposes of federal habeas review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional error. *Murray v. Carrier*, 447 U.S. 478, 485 (1986); *Engle v. Issac*, 456 U.S. 107, 129 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).

5

In the Sixth Circuit, a four-part analysis must be undertaken when the state argues that a federal habeas claim is precluded by the petitioner's failure to observe a state procedural rule. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). "First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule." *Id.* Second, the Court must determine whether the state courts actually enforced the state procedural sanction. *Id.* Third, it must be decided whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of a federal constitutional claim. *Id.* Finally, if the Court has determined that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner is required to demonstrate that there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error. *Id.* This "cause and prejudice" analysis also applies to failure to raise or preserve issues for review at the appellate level. *Leroy v. Marshall,* 757 F.2d 94 (6th Cir. 1985).

In claim two, petitioner asserts that the prosecutor failed to disclose exculpatory evidence in violation of *Brady v. Maryland*, 371 U.S. 83 (1962). Specifically, petitioner asserts:

> I was incarcerated when a running meth lab was found. There were no prints of mine at the scene. But there were prints of the male and female at the scene. And there was also a Pepsi can inside where the lab was. The female's prints were on it, along with the clear jars. I believe there was DNA also at the scene. My lawyer never went over my motion of discovery or my presentence investigation and the prosecutor never gave me anything to show me that my prints were anywhere on the scene.

*Petition*, at 8.[2]

> The United States Court of Appeals for the Sixth Circuit has recognized that a state defendant may raise, after a plea of guilty, a claim that prosecutors withheld exculpatory evidence in violation of *Brady [v. Maryland,* 383 U.S. 83 (1967) ]. *See Campbell v. Marshall,* 769 F.2d 314 (6th Cir.1985); *see also Muir v. Turner,* No. 95-4013, 1996 WL 683500 (6th Cir. Nov.22, 1996) (unpublished).

*United States v. Ross,* 245 F.3d 577, 583 n. 1 (6th Cir.2001). In order to establish a *Brady* violation in the context of an otherwise valid guilty plea, the petitioner must demonstrate that the evidence withheld "would have been controlling in the decision whether to plead." *Id.,* citing *Campbell, supra,* 769 F.2d at 324.   That said, as noted by respondent, petitioner's *Brady* claim relies on matters not readily apparent from the face of the record, and therefore would properly have been raised in a petition for post conviction relief pursuant to O.R.C. §2953.21; however, petitioner failed to raise any *Brady* claim in his motion to modify sentence, which action was construed by the state appellate court as a petition for post conviction relief.  *See State v. Emrick*, *supra,* 2006 WL 438672. Any attempt now by petitioner to raise such claim in an untimely and successive petition for post conviction relief would most certainly be barred.  O.R.C. §2953.21 provides in relevant part:

> (A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:
>
> (1) Either of the following applies:
>
> (a) The petitioner shows that the petitioner was unavoidably

---

[2] Petitioner's ineffective assistance of counsel claim is discussed *infra,* in connection with claim three.

prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.

(b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

(2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

*Id.*  The record fails to reflect that petitioner can meet these requirements here.

Thus, claim two is barred due to petitioner's failure to present such claim to the state courts. The state courts therefore were never given an opportunity to enforce the procedural rule due to the nature of petitioner's procedural default.  This Court deems the first and second parts of the *Maupin* test to have been satisfied.

The Court must also decide whether the procedural rules at issue constitute adequate and independent bases upon which to foreclose review of this federal constitutional claim.  This task requires the Court to balance the state's interests behind each procedural rule against the federal interest in reviewing federal claims.  *See Maupin v. Smith*, 785 F.2d at 138.  Under this analysis, the procedural rules barring petitioner's second claim constitute adequate and independent state grounds for denying relief.  The state courts must be given a full and fair opportunity to remedy alleged constitutional defects.  The time limitations for filing post conviction actions and the requirement that all available claims be asserted in the first such proceeding serve the state's interest in finality

8

and in ensuring that claims are adjudicated at the earliest possible opportunity.

This Court concludes that petitioner has waived his right to present claim two for federal habeas review.  He can still secure review of this claim on the merits if he demonstrates cause for his failure to follow the state procedural rules as well as actual prejudice from the constitutional violation that he alleges.  Petitioner has failed to demonstrate either cause for his procedural default or actual prejudice resulting from the alleged constitutional violation.

Beyond the four-part *Maupin* analysis, this Court is required to consider whether this is "an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. at 491; *see also Sawyer v. Whitley*, 505 U.S. 333.  Petitioner asserts that he is actually innocent of the charges against him.  *See Traverse*.  In support of his allegation of actual innocence, petitioner states that he was incarcerated during the time period at issue, and therefore could not have committed the crimes alleged.  He asserts that the prosecutor and defense counsel forced him to plead guilty.  *Id.*  Petitioner's argument is not persuasive.

The crimes charged are alleged to have occurred on March 16, 2004.  Exhibit A to Return of Writ.  Petitioner has attached documents purportedly from the Muskingum County Sheriff's Office and Zanesville City Jail that appear to indicate that petitioner was incarcerated on this date; however, the record suggests that that fact is immaterial:

> If this matter had proceeded to trial, the State of Ohio believes that the evidence would have shown that, on March 16, 2004, at around 2:47 a.m. the Muskingum County Sheriff's Office received a telephone call of a shooting accident at 8645 Carson Road, Roseville, Ohio.  The victim was Daniel Thornhill.  He suffered a self-inflicted gunshot wound to his left foot.  At the hospital, Deputy Ed Swartz interviewed Daniel Thornhill, along with Kyndra Brandon, and

9

Christine Raigner. Detective Matt Lutz investigated the residence at 8645 Carson Road, Roseville, Ohio, where the shooting occurred. Kyndra Brandon gave Detective Lutz permission to search the residence, because she was a resident there as a girlfriend of the Defendant-Appellant, Russell Emrick Sr. At the time of this shooting incident, the Defendant was incarcerated at the Zanesville Municipal Jail on charges of domestic violence against Ms. Brandon. During the residential area search, the officers found evidence of drug abuse. More specifically, they found evidence of a methamphetamine lab in a separate building located on the premises at 8645 Carson Road, Roseville, Ohio. Detective Lutz secured the residence and the separate building until he could obtain a search warrant; as well as additional assistance in order to dismantle a methamphetamine lab. While searching the shed area, three (3) propane tanks, plastic hoses, several empty cans of ether, and a gas chamber, which is consistently used in the production of methamphetamine, were found and placed into evidence. Also, due to all of the hazardous chemicals that were found on the Defendant-Appellant's premises, the DEA site clean up company (Ferguson-Harbour) was called in to collect these items for destruction. A court order was obtained for the destruction of the chemicals. On March 18, 2004, the Defendant/Appellant (Russell Emrick, Sr.) was properly interviewed at the Zanesville Police Department and admitted to manufacturing methamphetamine for about one (1) year. He further admitted that he was out of work, and was making methamphetamine to support his family. He also admitted to cooking it at least twice (2) a month. The crime lab results were a total weight of 253.23 grams of methamphetamine.

*Brief of Appellee, State of Ohio, Exhibit O to Return of Writ.* Thus, petitioner's jail records indicating that he was incarcerated on March 16, 2004, fail to establish that he is actually innocent of the offense to which he pleaded guilty so as to permit review of his procedurally defaulted claim.

The United States Supreme Court has held that if a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup,* 513 U.S. at 316, 115 S.Ct. 851. Thus, the threshold inquiry is whether "new facts raise[ ] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id.* at 317, 115 S.Ct. 851. To establish actual

innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 327, 115 S.Ct. 851. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States,* 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup,* 513 U.S. at 324, 115 S.Ct. 851. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.' " *Id.* at 321, 115 S.Ct. 851.

*Souter v. Jones*, 395 F.3d 577, 589 (6th Cir. 2005)(footnote omitted).  Petitioner has not met this standard here.

## CLAIM THREE

In claim three, petitioner asserts that he was denied the effective assistance of counsel because his attorney failed to discuss with him the pre-sentence investigation report or discovery, and improperly advised him to testify as a prosecution witness without first obtaining an agreement that petitioner would receive a minimum term of three years incarceration.  Petitioner also asserts that he was denied the effective assistance of counsel because his attorney failed to file a motion to suppress evidence or a motion requesting dismissal of the charges on the basis that petitioner was in jail when the offense allegedly occurred.  Petitioner appears to assert that his guilty plea was coerced.  *See Traverse*.  Finally, petitioner asserts in claim three that he was denied his right to appeal because neither the trial court nor his attorney advised him of his right to appeal.

It is the position of the respondent that these claims are procedurally defaulted because petitioner never presented these claims to the state courts.  Petitioner's claim of ineffective assistance of counsel due to his attorney's failure to file a motion to suppress his confession as

coerced and failure to file a motion requesting dismissal of the charges relies on matters not readily apparent from the face of the record, and therefore would properly be raised in a petition for post conviction relief pursuant to O.R.C. §2953.21.  Similarly, petitioner's claim that his guilty plea was coerced is an off-the-record claim that would properly be raised in post conviction proceedings; however, petitioner did not raise these claims in his motion to modify sentence, and any attempt now by petitioner to present such claims in an untimely and successive post conviction petition would most certainly be barred.  *See* O.R.C. 2953.23.  For the reasons discussed, *supra*, the Court therefore agrees that these claims are procedurally defaulted.  Further, the Court notes that petitioner has failed to present any evidence outside the record to support his allegations that his confession and guilty plea were coerced.  Additionally, in view of petitioner's statement to police, evidence that he was incarcerated on March 16, 2004, would not have required dismissal of the charges against him.  These claims, therefore, are also without merit.

To the extent that the foregoing claims rely on matters readily apparent from the face of the record, such claims, as well as petitioner's claim that he was denied his right to appeal, would properly be raised on direct appeal.  Petitioner failed to file a timely appeal and the state appellate court denied petitioner's motion for delayed appeal for "failure to show sufficient cause for filing a delayed appeal" under Ohio's Appellate Rule 5(A).  Exhibit F to Return of Writ.  However, the United States Court of Appeals for the Sixth Circuit has held that "the state court's refusal to allow... a delayed appeal under Rule 5(A) does *not* constitute an 'adequate' ground to bar habeas review."  *Deitz v. Money*, 391 F.3d 804, 810 (6th Cir. 2004).  In any event, petitioner asserts, as cause for his failure to file a timely appeal, that he had not been advised of his right to appeal.  *See* Exhibit E to Return of Writ.

A prisoner may challenge the entry of a plea of guilty on the basis that counsel's ineffectiveness prevented the plea from being knowing and voluntary. *Tollett v. Henderson, supra,* 411 U.S. 258, 267. The two-part test announced in *Strickland v. Washington,* 466 U.S. 668, 687 (1984), applies to challenges to guilty pleas based on a claim of ineffective assistance of counsel. *Hill v. Lockhart,* 474 U.S. 52, 59, (1985); *Sparks v. Sowders,* 852 F.2d 882, 884 (6 Cir.1988). In order to obtain relief, a prisoner who is challenging the entry of his guilty plea on the basis of counsel ineffectiveness must first show that counsel's advice was not within the range of competence demanded of attorneys in criminal cases. *Hill,* 474 U.S. at 59; *Sparks,* 852 F.2d at 884. The second, or "prejudice" requirement on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill,* 474 U.S. at 59; *Sparks,* 852 F.2d at 884.

Because a criminal defendant waives numerous constitutional rights when he enters a plea of guilty, the plea must be entered into knowingly and voluntarily in order to be constitutionally valid. *Boykin v. Alabama*, 395 U.S. 238, 244 (1969). "'The standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Sparks v. Sowders,* 852 F.2d 882, 885 (6th Cir. 1988)(quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). In applying this standard, the court must look at the totality of circumstances surrounding the plea. *Id.* A criminal defendant's solemn declaration of guilt carries a presumption of truthfulness. *Henderson v. Morgan*, 426 U.S. 637, 648 (1976).

A plea may be rendered involuntary as a result of threats. *Martin v. Kemp*, 760 F.2d 1244,

1247-48 (11th Cir. 1985).  To prove that his plea was not voluntary as a result of coercion, a criminal defendant must demonstrate that the fear of possible consequences of not pleading guilty destroyed his ability to balance "the advantages of proceeding to trial against those of pleading guilty."  *Jones v. Estelle,* 584 F.2d 687, 690 (5th Cir. 1978).  A criminal defendant cannot successfully challenge the voluntariness of his plea simply because the government is responsible for some of the factors motivating him to plead.  *Brady v. United States*, 397 U.S. 742, 750 (1970).

The transcript of petitioner's September 27, 2004, guilty plea indicates that petitioner was explicitly advised by the trial court regarding the potential penalties he faced.  *Guilty Plea Transcript*, at 3-5.  Petitioner stated that he was satisfied with his attorney and not under the influence of drugs or alcohol.  *Id.*, at 5-6.  He expressly stated that his guilty plea was not the result of threats or promises.  *Id*., at 6.  The trial court explicitly advised petitioner that the State had reserved the right to make a sentencing recommendation, but that the trial court was not bound by any such recommendation.  *Id*., at 6.  The trial court advised petitioner of all of the rights that he was waiving by virtue of his guilty plea.  *Id*., at 6-7.  At all times petitioner indicated that he understood.  He did not say that he had any questions.  Petitioner signed a written guilty plea indicating that he understood the penalties he faced and all of the rights that he was waiving.  Additionally, the written guilty plea indicates:

> The Defendant hereby acknowledges that through plea negotiations by and between the parties, he agrees to accept the Prosecutor's recommendation for sentencing, which is stated as follows:
>
> In exchange for the Defendant's plea to the within stated offenses, the State represents to the Court that the parties have not reached any agreement, however, the State reserves the right to make a

14

recommendation at the time of sentencing.

Exhibit B to Return of Writ. Nothing in the record suggests that the prosecutor would have been unable to prove the charges against petitioner. To the contrary, petitioner apparently admitted guilt to police. *Sentencing Transcript*, at 9, *see supra*. He faced up to ten years on each of counts one and two, which were first degree felonies, and five years on count three, a third degree felony. By pleading guilty, he was able to obtain an aggregate term of five years incarceration. At sentencing, defense counsel brought out on cross examination of the probation officer that petitioner had no prior felony record, was remorseful for his actions, and was addicted to methamphetamine. *Sentencing Transcript*, at 6-7. Defense counsel stated that petitioner "was humble and remorseful"... and had "accepted responsibility for his actions right from the very first day that the detectives approached him in this case." *Id.*, at 9.

> He was truthful with them. He cooperated with them and gave them a truthful statement. He has testified in the common pleas court against – I believe it was Matt Hill.
>
> Defendant: Yeah.
>
> [Defense counsel]: And Mr. Hill received a 22 year sentence. The Court should have received a letter from the prosecuting attorney in Perry County regarding Mr. Emrick. I would remind the Court of that.
>
> Mr. Emrick was suffering from a financial hardship. His daughter was severely injured in the hospital. Her skull was crushed. She suffered brain damage. His business was failing. It led him to drug use, let to addiction, and led him to be here before you today.

*Id.* Counsel then argued that a minimum sentence of three years was appropriate under Ohio law.

15

*Id.*, at 9-11.  Petitioner expressed his remorse and said  he was seeking help for drug addiction.  *Id*, at 11-12.

> [T]he representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.
> *Id.* at 74.

*Blackledge v. Allison*, 431 U.S. 63, 74 (1977).  Petitioner has failed to establish that his counsel's performance was inadequate or that, but for his attorney's errors, he would have insisted on going to trial. *See Hill v. Lockhart, supra.*

Petitioner also asserts that he was denied his right to appeal.  In *Wolfe v. Randle,* 267 F.Supp.2d 743, 746-48 (S.D. Ohio 2003), the United States District Court for the Southern District of Ohio, Western Division, granted a petition for a writ of habeas corpus, stating that "due process is offended when a defendant who pled guilty is kept completely ignorant of his appellate rights." *Id*., at 746.  However, contrary to petitioner's allegation here, the record reflects that the trial court advised petitioner of his right to appeal his sentence:

> COURT: Your appeal time would be 30 days from sentencing, but you have to understand that by pleading guilty you've diminished the effectiveness of an appeal.  You understand that, sir?
>
> MR. EMRICK: Yes, sir.

*Transcript, Guilty Plea,* at 7.  Petitioner also signed a written guilty plea indicating that he understood that he must file an appeal within thirty days:

16

> By pleading guilty I admit committing the offense and will tell the Court the facts and circumstances of my guilt.  I know the judge may either sentence me today or refer my case for a presentence investigation report.  I understand my right to appeal a maximum sentence, my other limited appellate rights and that any appeal must be filed within 30 days of my sentence. ... I enter this plea voluntarily.

Exhibit B to Return of Writ.

In view of all of the foregoing, claim three is without merit.

## CLAIM FOUR

In claim four, petitioner asserts that his convictions violate the Double Jeopardy Clause.

> Ordinarily, a plea of guilt conclusively admits the defendant's guilt to the crimes charged, and any subsequent collateral attack upon that plea is limited to an inquiry as to whether it was voluntarily and knowingly given.  *United States v. Broce,* 488 U.S. 563, 569 (1989).  In the double jeopardy context, an exception to this rule exists when it is plain from the language of the charging document that no legally cognizable additional crime was charged to which the defendant could properly have entered a plea of guilt. *Id.* at 576. In all other respects, any right to assert a claim of double jeopardy is waived by the entry of the guilty plea. *Ibid.*

> In *Broce,* the defendant entered guilty pleas to two separate indictments alleging conspiracies under the Sherman Act, 15 U.S.C. § 1, and later moved to vacate his sentences on the basis that there was in reality only a single conspiracy, and therefore his right under the Double Jeopardy Clause was violated. The Supreme Court focused on the charging documents to determine if the defendant's double jeopardy challenge survived his guilty plea. The Court noted: "Just as a defendant who pleads guilty to a single count admits guilt to the specified offense, so too does a defendant who pleads guilty to two counts *with facial allegations of distinct offenses* concede that he has committed two separate crimes." *Broce,* 488 U.S. at 570. The defendant's claim was premised on the contention that the two indictments alleged separate parts of the same illegal agreement. However, "[r]espondents had the opportunity, instead of entering

17

> their guilty pleas, to challenge the theory of the indictments and to attempt to show the existence of only one conspiracy in a trial-type proceeding. They chose not to, and hence relinquished that entitlement." *Id.* at 571.

*Tarpley v. Bock*, unpublished, 2003 WL 22258199 (E.D. Michigan September 25, 2003).

Petitioner pleaded guilty to three facially distinct offenses – the manufacture of methamphetamine, possession of one or more chemicals used to manufacture methamphetamine, and possession of methamphetamine. Petitioner's claim that his convictions violate the Double Jeopardy Clause is without merit in view of his guilty plea.

Petitioner also asserts in claim four that his sentence violates *Blakely v. Washington*, 542 U.S. 296 (2004), because he was sentenced to more than the statutory minimum, although he had no prior felony convictions, based upon factual findings made by the trial judge. The state appellate court rejected petitioner's *Blakely* claim as follows:

> The final entry of conviction was filed on November 16, 2004. The United States Supreme Court issued its decision in *Blakely* on June 24, 2004. Any claims under *Blakely* were cognizable on direct appeal and are *res judicata* to a postconviction petition. Appellant filed his notice of direct appeal on February 28, 2005. Furthermore, this court has determined that *Blakely* does not apply to the Ohio General Assembly legislative sentencing scheme. *See, State v. Iddings* (November 8, 2004), Delaware App. No.2004CAA06043, ¶ 12, 20-21.

*State v. Emrick, supra*, 2006 WL 438672. .

Respondent also contends that the claim is without merit because *Blakely* is not to be applied retroactively to cases on collateral review. *Return of Writ*, at 13; *see Humphress v. United States*, 398 F.3d 855 (6th Cir. 2005). Alternatively, respondent argues that *Blakely* is inapplicable

because this case involves a guilty plea.  Respondent's arguments are not persuasive.

Petitioner was indicted in July 2004, after the United States Supreme Court issued its June 24, 2004, decision in *Blakely*.  *See* Exhibit A to Return of Writ.  He pleaded guilty on September 27, 2004, and was sentenced on November 8, 2004, after *Blakely*.  This case does not involve retroactive application of *Blakely*.  Further, *Blakely* itself involved a sentence imposed after a guilty plea:

> Petitioner Ralph Howard Blakely, Jr., pleaded guilty to the kidnaping of his estranged wife. The facts admitted in his plea, standing alone, supported a maximum sentence of 53 months. Pursuant to state law, the court imposed an "exceptional" sentence of 90 months after making a judicial determination that he had acted with "deliberate cruelty." App. 40, 49. We consider whether this violated petitioner's Sixth Amendment right to trial by jury.

*Blakely v. Washington, supra*, 542 U.S. at 298.  This Court is aware of no authority holding that *Blakely* is inapplicable to a guilty plea.[3]

> In *Blakely,* the Supreme Court reversed a sentence imposed under the State of Washington's determinate sentencing scheme after finding the trial judge had enhanced the defendant's kidnaping sentence beyond the statutory maximum based upon his own finding, by a preponderance of the evidence, the defendant had acted with "deliberate cruelty." 124 S.Ct. at 2537-38. In doing so, the Supreme Court reiterated its previous holding that "[o]ther than the

---

[3]  In *Washington v. Recuenco*, – U.S. –, 126 S.Ct. 2546 (2006), the Supreme Court recently held that a *Blakely* violation does not constitute a structural error, but is subject to harmless error review.  Recuenco had been found guilty of second degree assault with a deadly weapon. The jury answered a special verdict form indicating that Recuenco had used a deadly weapon, but the form did not specify that the deadly weapon was a firearm.  *Id.*  In violation of *Blakely*, the trial judge imposed a three year firearm enhancement to Recuenco's sentence based upon its own factual finding that a firearm had been used.  *Id.*, at 2549.  The Supreme Court remanded the cases for a determination of harmless error.  It does not appear, however, that *Washington v. Recuenco*, is applicable to the facts of this case.

fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt," *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435 (2000), but clarified that "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." Blakely,* 124 S.Ct. at 2537 (emphasis in original).

In *United States v. Booker*, 543 U.S. 220 (2005), the United States Supreme Court subsequently struck the mandatory provisions of the United States Sentencing Guidelines as unconstitutional under *Blakely. Id.*, at 258-259.

The Ohio Supreme Court has similarly held that Ohio's sentencing statutes are constitutionally prohibited under *Blakely*:

> Certain aspects of Ohio's felony sentencing plan are unconstitutional when measured against the Sixth Amendment principles established in *Blakely*. The reason for this is, like many state legislatures that attempted sentencing reform, the Ohio General Assembly, through its enactment of S.B. 2 in 1996, authorized narrower sentencing ranges and restricted the discretion of trial judges by *mandating* that underlying "findings" be made before increasing what seems to be a presumptive sentence. In other words, the sentence is not determined "solely on the basis of facts reflected in the jury verdict or admitted by the defendant" as *Blakely* requires. (Emphasis omitted.) *Id*., 542 U.S. at 303, 124 S.Ct. 2531, 159 L.Ed.2d 403.
>
> ***
>
> Ohio's sentencing statutes offend the constitutional principles announced in *Blakely* in four areas. As was reaffirmed by the Supreme Court in *Booker,* "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Id.*, 543 U.S. at 244, 125 S.Ct. 738, 160 L.Ed.2d 621.

20

> Because R.C. 2929.14(B) and (C) and 2929.19(B)(2) require judicial factfinding before imposition of a sentence greater than the maximum term authorized by a jury verdict or admission of the defendant, they are unconstitutional. Because R.C. 2929.14(E)(4) and 2929.41(A) require judicial finding of facts not proven to a jury beyond a reasonable doubt or admitted by the defendant before imposition of consecutive sentences, they are unconstitutional. Because R.C. 2929.14(D)(2)(b) and (D)(3)(b) require judicial findings of fact not proven to a jury beyond a reasonable doubt or admitted by the defendant, before repeat violent offender and major drug offender penalty enhancements are imposed, they are unconstitutional. *Apprendi,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435; *Blakely,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403.

*State v. Foster,* 109 Ohio St.3d 1 (2006). The Ohio Supreme Court excised the unconstitutional provisions of its sentencing statutes in accordance with the Supreme Court's remedial action in *United States v. Booker*, 543 U.S. 234, 764 (2005)(severing and excising unconstitutional provisions of United States Sentencing Guidelines rather than invalidating sentencing guidelines in their entirety).

> We therefore hold that R.C. 2929.14(B) and (C) and 2929.19(B)(2) are capable of being severed. After the severance, judicial factfinding is not required before a prison term may be imposed within the basic ranges of R.C. 2929.14(A) based upon a jury verdict or admission of the defendant. We further hold that R.C. 2929.14(E)(4) and 2929.41(A) are capable of being severed. After the severance, judicial factfinding is not required before imposition of consecutive prison terms. Finally, we hold that R.C. 2929.14(D)(2) and (3) are capable of being severed. After the severance, judicial factfinding is not required before imposition of additional penalties for repeat violent offender and major drug offender specifications. The appellate statute R.C. 2953.08(G), insofar as it refers to the severed sections, no longer applies.

> Accordingly, we have concluded that trial courts have full discretion to impose a prison sentence within the statutory range and

> are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences.

*State v. Foster, supra*.  The Ohio Supreme Court further held:

> These cases and those pending on direct review must be remanded to trial courts for new sentencing hearings not inconsistent with this opinion.

*Id.*

Here, petitioner was convicted of two first degree felonies punishable by three to ten years incarceration, and a third degree felony, punishable by one to five years incarceration.  O.R.C. §2929.14(A).  He was sentenced on the first degree felonies to two terms of five years, and on the third degree felony to one year incarceration, all such sentences to be served concurrently.  Exhibit B to Return of Writ.  The trial court's sentencing entry indicates:

> The Court after consideration of the purposes and principles of sentencing under O.R.C. §2929.11 and the factors under O.R.C. §2929.12, finds that the Defendant was manufacturing a drug that was being distributed to the public, leading to a danger to the community; Defendant has a prior delinquency adjudication; Defendant has a history of criminal convictions; Defendant has failed to acknowledge a pattern of drug abuse relative to the offense. The Court finds there is a mandatory term of incarceration and the factors indicate that it is appropriate.  Further, a minimum sentence would demean the seriousness of the crime and not adequately protect society.

*Id*.  The sentencing transcript reflects the following comments by the trial court:

> Well, in considering the testimony of the probation officer and the pre-sentence investigation report which was filed which I'll incorporate into... the record by reference herein at this point in time – and I have read the letters that came from Perry County and from

22

Genesis... I've thought a lot about this sentencing.

Certainly, to give you the maximum or something towards the maximum on these felonies of the first degree would be a bit severe on a first offender. On the other hand, I believe that... giving the minimum would demean the seriousness of the offense and fail to protect the public interest.

So therefore, I've come to the conclusion that it has to be something in between; and my thinking was very similar to... the recommendation from the State of Ohio.

*Transcript, Sentencing,* at 12.

Petitioner asserts that his sentence violates *Blakely* because the trial court engaged in impermissible judicial fact finding to justify imposition of more than the minimum sentence, as petitioner had not previously served a prison sentence. *See* O.R.C. §2929.14(B).[4]

Because the state courts did not address the merits of this claim, this Court conducts a *de novo* review. *Howard v. Bouchard,* 405 F.3d 459, 467 (6th Cir. 2005), citing *McKenzie v. Smith,*

---

[4]  O.R.C. §2929.14(B) provides:

(B) Except as provided in division (C), (D)(1), (D)(2), (D)(3), (D)(5), (D)(6), or (G) of this section, in section 2907.02 of the Revised Code, or in Chapter 2925. of the Revised Code, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless one or more of the following applies:

(1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.

(2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.

326 F.3d 721, 727 (6th Cir. 2003).  To the extent that the state appellate court's denial of petitioner's

*Blakely* claim is entitled to deference, *see id.*,[5] for the reasons discussed at length in *State v. Foster,*

*supra*, this Court likewise concludes that the trial court's imposition of more than the minimum

mandatory sentence under O.R.C. §2929.14(B) violates *Blakely,* and the state court's decision to

the contrary is contrary to or involves an unreasonable application of federal law as established by

the United States Supreme Court.  *See* 28 U.S.C. §2254(d), (e).

As discussed by the Ohio Supreme Court in *Foster, supra*:

Foster challenges R.C. 2929.14(B), which states:

"*[I]f the court* imposing a sentence upon an offender for a felony *elects or is required to impose a prison term* on the offender, the *court shall impose the shortest prison term* authorized for the offense pursuant to division (A) of this section [setting forth the basic ranges], *unless one or more of the following* applies:

"(1) The offender was serving a prison term at the time of the

---

[5]  In *Howard v. Bouchard, supra,* 405 F.3d at 467-68, the United States Court of Appeals for the Sixth Circuit held:

Where... the state court disposes of a constitutional claim but fails to articulate its analysis....  We have taken an intermediate approach--in between *de novo* review and complete deference. We have held that a federal habeas court must conduct an independent review of the record and applicable law to determine whether, under the AEDPA standard, the state court decision is contrary to federal law, unreasonably applies clearly established law, or is based on an unreasonable determination of the facts in light of the evidence presented. *Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir.2000) (citing *Aycox v. Lytle*, 196 F.3d 1174, 1177-78 (10th Cir.1999)).

The independent review, however, is not a full, *de novo* review of the claims. *Id*. As we held in *Harris*, the review remains deferential, because the court cannot grant relief unless the state court's result contradicts the strictures of AEDPA. *Id.*

offense, or the offender previously had served a prison term.

"(2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." (Emphasis added.)

Thus, Ohio has a presumptive minimum prison term that must be overcome by at least one of two judicial findings. For someone who has never been to prison before (not necessarily a first-time offender), the court must find that the shortest term will "demean the seriousness" of the crime or will inadequately protect the public; otherwise, the court must find that the offender has already been to prison to impose more than a minimum term. R.C. 2929.14(B)(2).

Under R.C. 2929.14(B), therefore, a court is not authorized to exceed the shortest prison term unless it makes the additional findings. *State v. Edmonson* (1999), 86 Ohio St.3d 324, 326, 715 N.E.2d 131 (findings required, reasons not); *State v. Comer*, 99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473 (findings required for first offender). Since a jury verdict alone does not determine the sentence, R.C. 2929.14(B) violates *Blakely* principles.

*State v. Foster, supra.* In this case, in addition to considering petitioner's prior record and stating that petitioner's acts were dangerous to the community, the trial court justified imposition of more than the minimum sentence by finding that petitioner had "failed to acknowledge a pattern of drug abuse relative to the offense," and because "a minimum sentence would demean the seriousness of the crime and not adequately protect society." Exhibit B to Return of Writ. Such findings were neither admitted by petitioner, nor based on facts reflected in petitioner's convictions. *Blakely, supra*.

The Magistrate Judge therefore **RECOMMENDS** that the petition for a writ of habeas corpus conditionally be **GRANTED** on petitioner's claim that his sentence violated *Blakely,* that petitioner's sentence be **VACATED** and that petitioner be released from incarceration unless the

State of Ohio re-sentences him within ninety (90) days.  The Magistrate **RECOMMENDS** that the remainder of petitioner's claims be **DISMISSED**.

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation.  See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

November 13, 2006                                        *s/Norah McCann King*
                                                        Norah McCann King
                                                        United States Magistrate Judge