IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

RUSSELL EMRICK, SR.,

      Petitioner,

    v.                                    **CASE NO. 2:05-cv-1057**

                                           **JUDGE HOLSCHUH**

JEFFREY A. WOLFE, Warden,         **MAGISTRATE JUDGE KING**

      Respondent.


## OPINION AND ORDER

On November 13, 2006, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus be conditionally granted on petitioner's claim that his sentence violated *Blakely v. Washington*, 542 U.S. 296 (2004), and that petitioner's sentence be vacated and petitioner released from incarceration unless the State of Ohio re-sentences him within ninety days; the Magistrate further recommended that the remainder of petitioner's claims be dismissed. Doc. No. 10.

Respondent and petitioner have filed objections to the Magistrate Judge's *Report and Recommendation*. For the reasons that follow, those objections are **OVERRULED**. The *Report and Recommendation* of the Magistrate Judge is **ADOPTED** and **AFFIRMED**. All of petitioner's claims, with the exception of his claim that his sentence violated *Blakely* are **DISMISSED**. The petition for a writ of habeas corpus is conditionally **GRANTED** on petitioner's claim that his sentence violated *Blakely*, petitioner's sentence is **VACATED** and he is to be released from incarceration unless the State of Ohio re-sentences him within ninety (90) days.

Respondent objects solely to the Magistrate Judge's recommendation that the petition for

a writ of habeas corpus be conditionally granted on petitioner's *Blakely* claim. Respondent argues that the state court's decision rejecting petitioner's *Blakely* claim was not contrary to or an unreasonable application of federal law within the meaning of 28 U.S.C. §2254(d)(1), *see Williams v. Taylor*, 529 U.S. 362 (2000), in view of the "uncertainty" and "confusion" in state and federal courts in applying *Blakely,* and because the Ohio Supreme Court did not decide in *State v. Foster*, 109 Ohio St.3d 1 (2006), that Ohio's sentencing statutes violated *Blakely* until after the state courts had already rejected petitioner's *Blakely* claim. *Objections,* at 9.

The Court is not persuaded by respondent's arguments. The timing of the Ohio Supreme Court's consideration of *Blakely's* ramifications on Ohio's sentencing scheme is not determinative to application of *Blakely* to the sentence imposed in this case. Further, regardless of any lack of consensus or struggle by the state or federal courts to apply *Blakely* to state and federal sentencing schemes, for the reasons discussed by the Ohio Supreme Court in *Foster, supra*, this Court likewise concludes that, to the extent the state court's decision rejecting petitioner's *Blakely* claim is entitled to deference in these habeas corpus proceedings,[1] such decision was contrary to or an unreasonable application of clearly established federal law, as determined by the United States Supreme Court under 28 U.S.C. §2254(d)(1).

Respondent also again argues that *Blakely* is inapplicable to petitioner's sentence, and that the claim must be dismissed because it is presented in habeas corpus proceedings, rather than on direct appeal. *Objections*, at 3. In support of such argument, respondent refers to *English v. Brooks*,

---

[1] The state appellate court denied petitioner's motion for delayed appeal, and summarily rejected petitioner's *Blakely* claim in post conviction proceedings. *Report and Recommendation*, at 18. This Court therefore conducts *de novo,* or an independent review of review of petitioner's *Blakely* claim. *Id*., at 23-24. *See Howard v. Bouchard*, 405 F.3d 459, 467 (6th Cir. 2005)(citations omitted).

2006 WL 2849733 (N.D. Ohio September 30, 2006), *Attachment 1 to Objections*.   Again, respondent's argument is not persuasive.

Petitioner pleaded guilty on September 27, 2004, after the United States Supreme Court's June 24, 2004, decision in *Blakely*.  *Blakely* therefore  applies to the sentence imposed in this case, and a *Blakely* claim is properly considered in these proceedings.  *English v. Brooks, supra*, referred to by respondent, does not support respondent's argument.   In *English v. Brooks, supra*, the defendant's sentence - - unlike petitioner's --  became final long before the Supreme Court's decision in *Blakely*.  *See Humphress v. United States*, 398 F.3d 855 (6th Cir. 2005)(*Blakely* is not to be applied retroactively to cases on collateral review.)

Respondent also contends that petitioner's sentence did not constitute harmless error under *Washington v. Recuenco*, – U.S. –, 126 S.Ct. 2546 (2006)(holding that *Blakely* violation does not constitute structural error, but is subject to harmless error review.)  Respondent argues that petitioner cannot establish prejudice and that any *Blakely* violation therefore constitutes harmless error because petitioner was sentenced within the statutory range authorized under Ohio law, because he did not receive the maximum possible term and because, upon remand, the state trial court may again impose the same sentence that was previously imposed.

> To establish harmless error such that this Court lets stand a defendant's sentence in spite of errors at trial or sentencing below, the government must "prove that none of the defendant's substantial rights [has] been affected by the error." *United States v. Oliver*, 397 F.3d 369, 381 (6th Cir.2005) (citing Fed.R.Crim.P. 52(a)); *United States v. Barnett*, 398 F.3d 516, 530 (6th Cir.2005). *See also Arizona v. Fulminante,* 499 U.S. 279, 296, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991) (noting that the government bears the burden of proof on harmless error); *United States v. Olano*, 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (same). To carry this burden, the government must demonstrate to this Court with certainty that the error at sentencing did not "cause[ ] the defendant to receive a more

3

severe sentence." *Oliver*, 397 F.3d at 379 (internal citation omitted); *United States v. Hazelwood,* 398 F.3d 792, 801 (6th Cir.2005) ("Under the harmless error test, a remand for an error at sentencing is required unless we are certain that any such error was harmless.") (emphasis added).

*United State v. Johnson,* 467 F.3d 559 (6th Cir. 2006).

In a habeas corpus proceeding, to determine whether a constitutional trial error is harmless, a federal court must decide whether the error " 'had substantial and injurious effect or influence in determining the jury's verdict.' " *Brecht v. Abrahamson*, 507 U.S. 619, 623, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993), quoting *Kotteakos v. U.S.*, 328 U.S. 750, 776, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946). If a federal judge in a habeas proceeding "is in grave doubt about whether a trial error of federal law has substantial and injurious effect or influence in determining the jury's verdict, that error is not harmless. And, the Petitioner must win." *O'Neal v. McAninch*, 513 U.S. 432, 436, 115 S.Ct. 992, 130 L.Ed.2d 947 (1995) (internal quotation omitted). The harmless error analysis articulated in *Brecht* applies even if a federal habeas court is the first to review for harmless error. *Gilliam v. Mitchell*, 179 F.3d 990, 995 (6th Cir.1999).

*Lakin v. Stine*, 358F.Supp.2d 605, 616 (E.D. Michigan 2005).

Under the harmless error test, a remand for an error at sentencing is required unless we are certain that any such error was harmless -- *i.e.* any such error "did not affect the district court's selection of the sentence imposed." *Williams v. United States*, 503 U.S. 193, 203, 112 S.Ct. 1112, 117 L.Ed.2d 341 (1992).

*United States v. Hazelwood*, *supra*, 398 F.3d at 801; *United States v. Christopher*, 415 F.3d 593-94 (6th Cir. 2005)(citations omitted).  However, respondent has not referred to, and this Court is not aware of, any federal habeas court to conclude that a *Blakely* violation constitutes harmless error simply because the sentencing court may re-impose the same sentence upon remand.  Further, the record in this case fails to reflect that, absent unconstitutional fact findings, the trial court would impose the same sentence.  To the contrary, the trial court justified its imposition of more than the statutory minimum sentence by use of prohibited factual findings stating that, under O.R.C.

4

2929.14(B), "the minimum would demean the seriousness of the offense and fail to protect the public interest." *See Exhibit B to Return of Writ; Sentencing Transcript,* at 12.   Under these circumstances, this Court is unable to conclude that the *Blakely* error was harmless.  *United States v. Hazelwood, supra*, 398 F.3d at 801.

Petitioner also objects to the Magistrate Judge's *Report and Recommendation*.  Doc. No. 13. Petitioner does not object to the Magistrate Judge's recommendation that the writ be conditionally granted on his *Blakely* claim; however, petitioner argues in his objections that any sentence imposed upon remand and re-sentencing that exceeds an aggregate three year term will be constitutionally prohibited. *Petitioner's Objections*, at 4-5.  Such issue is not properly before the Court, and will not be considered here.

Petitioner also objects to the Magistrate Judge's recommendation of dismissal of the remainder of his claims.  He again raises all of the same arguments that were previously presented.  For the reasons detailed in the Magistrate Judge's *Report and Recommendation*, petitioner's objections are **OVERRULED.**

This Court has carefully reviewed and considered the entire record.  For the foregoing reasons, and for the reasons detailed in the Magistrate Judge's *Report and Recommendation*, respondent's and petitioner's objections are **OVERRULED**.  The *Report and Recommendation* of is **ADOPTED** and **AFFIRMED.**  All of petitioner's claims, with the exception of his claim that his sentence violated *Blakely,* are **DISMISSED.**   The petition for a writ of habeas corpus is conditionally **GRANTED** on petitioner's claim that his sentence violated *Blakely,* petitioner's sentence is **VACATED** and he is to be released from incarceration unless the State of Ohio re-sentences him within ninety (90) days.

**IT IS SO ORDERED.**


Date: December 5, 2006                         <u>**/s/ John D. Holschuh**</u>
                                               JOHN D. HOLSCHUH
                                               United States District Judge